CHIB]? JUSTICE DUVALL
delivered the opinion op the court:
In September, 1839, the appellants recovered a judgment against the appellee, on which an execution soon afterwards issued, and was returned, “ No property found.”
In July, 1846, a second execution issued, which, in September following, was also returned, “ No property found.”
No further step appears to have been taken by the appellants to enforce satisfaction of their judgment until the 8th of October, 1861, when they sued out a third execution.
The appellee, on notice filed, moved the court to quash this execution on the grounds, as stated in the notice, (1,) that the judgment had been paid, and (2,) that it was barred by the statute of limitations. The court below rendered a judgment sustaining the motion, and quashing the execution, and of that judgment the appellants complain.
1. No attempt was made on the trial to prove by any direct evidence the alleged payment of the judgment. Nor do we think the facts and circumstances proved sufficient to authorize a presumption of payment. The appellee was insolvent in October, 1842, and also in September, 1846. This is conclusively shown by the two executions which were returned at those dates, as already stated. And he wholly failed to show that there had been subsequently such a change in his condition as would authorize the deduction that satisfaction of this *74 judgment either had been, or could have been, coerced by legal process. And certainly the mere lapse of time — a period of fifteen years and a few days — cannot be held to justify any such presumption.
2. But it is insisted that the right of the appellants to enforce their judgment, by execution or otherwise, is absolutely barred by the first section, of article 3, of the chapter of the Revised Statutes, entitled, “limitation of actions and suits,” which declares that1' an action or suit upon a judgment or decree of any court of the United States, or of any State or territory thereof, the period to be computed from the date of the last execution thereon,” shall be commenced within fifteen years after the cause of action first accrued. (Rev. Stat., vol. 2, page 126.)
On the part of the appellants it is contended that this section has no application to the case before us, because, in the first place, its prohibition is confined exclusively to an action or suit upon a judgment or decree, and does not embrace an execution or other similar process for the enforcement of such judgment or decree; and, because, in the second place, the statute embraces judgments and decrees rendered, not by the courts of this State, but by the courts of the United States, and of any of the other States or territories.
Without'discussing or deciding these points, we proceed to the consideration of a question arising upon other statutes relating to the same general subject, and on which the decision of this case must depend.
Pre-existing causes of action were, by the Revised Statutes, expressly exempted from the operation of the laws of limitation therein prescribed, the first section of the first article declaring that the provisions of the chapter should not apply to actions already commenced, nor to cases in which the right of action had accrued. Thus stood the law from the adoption of .the Revised Statutes until the passage of the act of 1858, by which it is declared, “ that the provisions of chapter sixty-three of the Revised Statutes shall extend to and embrace all cases in which the right of action accrued, whether before or *75 after the Revised Statutes took effect, from and after the first day of August, 1859.” (2 vol. Rev. Stat., page 135.)
The title of the act is, “ An act to amend the second section of article sixty-three, of the Revised Statutes, entitled, ‘limitations of actions and suits.’ ”
And the question now to be decided is, whether the act is not in conflict with the 37th section of the 2nd article of the Constitution, which provides that, “no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title.”
This question was alluded to, but not decided, in the recent case of Hedger, &c. vs. Rennaker, (3 Met. Ky. Rep., 257.) It is there strongly intimated that the title does not express, with any degree of certainty or accuracy, the subject of the enactment. “The title refers exclusively to the second section of the chapter on limitations. The subject (and only subject,) of that section, is the limitation of actions for the recovery of real property. But the act which, according to its title,, purports to amend but a single section of the chapter, is very much broader, and comprehends and operates upon almost every section of the entire chapter.” The title is, therefore, misleading and delusive, affording no indication whatever of some of the subjects to which the act relates. It may be well supposed that whilst an amendment of the second section merely, as the title proposed, might have been unobjectionable to the members composing the legislative body, by whom the act in question was passed, an amendment which gave a retroactive effect to the limitation of every description of suit or action, might have been deemed highly inexpedient.
It seems to us, therefore, that the case is clearly within the letter and policy of the constitutional inhibition, and that the act under consideration, or at least so much of it as applies to any other subject than that expressed in the title, is inoperative and void. This indeed seems to have been the view of the Legislature itself, as indicated by the passage of the act of March, 1862, containing substantially the same provisions as the act we have been considering.
It results that at the time this proceeding was commenced *76 there was no statute of limitation in force, applicable to the judgment on which the execution in favor of the appellants was issued, and that their execution .was improperly quashed.
The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.