JuDGE BUDLITT
deliveked the opinion oe the coukt:
This action was commenced on the 26th March, 1863, upon a note payable on the 3d June, 1847.. The defendant pleaded the statute of limitations, alleging that the cause of action had accrued more than fifteen years before the commencement of the action. The law and facts having been submitted to-the court, the plea of limitation was sustained, anda judgment rendered in bar of the plaintiffs action, from which he appealed.
Before the adoption of the Revised Statutes there was no limitation to actions upon -demands of this character, which, by the act of 1812, adopted in the Revised Statutes, are placed upon the same footing as sealed writings.
Chapter 63 of the Revised Statutes prescribed a limitation of fifteen-years upon such actions, (art. 3, sec. 1,) but declared that its provisions should not apply to causes of action previously accrued. (Art. 1, sec. 1.)
An act approved February 4, 1858, {Sess. Acts, 26,) declared that the provisions of said chapter should “embrace all cases in which the cause of action accrued, whether before or after the Revised Statutes took effect, from and after the first day of August, 1859.” But that act has been decided to be unconstitutional, so far at least as it relates to personal actions, because the subject was not expressed in the title. (Chiles & Thomas vs. Monroe, winter term, 1862.)
By an act-approved March 15, 1862, entitled “an act to amend chapter 63 of the Revised Statutes, entitled ‘Limitation of actions and suits,’ ” it was declared: “§ 1. That the provis *294 ions of ^chapter 63 of the Revised Statutes, entitled ‘Limitation of actions and suits,’ shall extend to and embrace all cases, whether the right of action accrued before or after the Revised Statutes took effect. § 2. This act shall take effect thirty days from its passage.”
Has the Legislature the constitutional power to prohibit the bringing of actions, after the lapse of thirty days, upon which there was before no limitation?
It is settled that the legal obligation of a contract consists in the remedy given by law to enforce its performance, or to make compensation for the failure to perform it; and, consequently, that any attempt by the Legislature so to change the remedy as to impair the obligation of a contract; is prohibited by that clause of the Constitution of the United States which declares that no State shall pass any law impairing the obligation of contracts. (Blair vs. Williams, 4 Littell, 34; Lapsley vs. Brashears & Barr, Id,., 47; Green vs. Biddle, 8 Wheaton, 1, 75; Bronson vs. Kinsie, 1 Howard, 311; McCracken vs. Hayman,2 Howard, 608; Quackenbush vs. Danks, 1 Durie, 128; 1 Kent's Com., 419, note c.)
“Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy, or on the contract itself; in either case it is prohibited by the constitution.” (Smith's Com. on Con. & Stat. Construction, 388.)
The same author says: “Although ordinary statutes of limitations to actions are not within this clause, yet if such a statute should be passed which does not allow a reasonable time, after the passing thereof, for the commencement of suits on existing causes of action, such an act would be unconstitutional.” '(Page 407.) This view is sustained by the opinions of several eminent jurists. (Sturgis vs. Crowningshield, 4 Wheaton, 207; Jackson vs. Lampshire, 3 Peters, 290; Proprietors & Co. vs. Laborn et al, 2 Greenleaf, 294; Carl vs. Hagger et al, 8 Mass., 430.)
*295 The duty of controlling the discretion of the Legislature in matters of this kind, and of deciding whether the time which it has chosen to allow for the bringing of actions, is reasonable or not, involves the performance of a delicate task. But it is a duty that cannot be avoided, and which frequently may be performed without much difficulty. For instance, an act allowing a period of fifteen years for bringing aptions, upon which there was no previous limitation, would be clearly constitutional, because every one would have ample opportunity to leara that the act had been passed, and to bring his action; but an act allowing but one day for the bringing of such actions would be clearly unconstitutional, because, practically, it would deprive parties of the right to sue at all.
Is the period, allowed by the act under consideration, such reasonable time that it can be said not seriously to impair the obligation of the contracts affected by it?
In the case of Pearce's heirs vs. Patton et al, this court said: “Six months is not the time prescribed for the suit, but seven years, and if it was, we should hardly regard it as a reasonable time tobe constitutionally available to bar the remedy as a mere act of limitation.” (7 B. Mon., 168.) In Lewis vs. Harbin, &c., this court, with manifest reluctance, sustained an act which alowed a period of five years for bringing actions upon which thrre was no previous limitation. And it was sustained upon he ground that “the prospective time given by the statute vould seem to be reasonable, not only to enable the creditor, >y the exercise of reasonáble vigilance, to arrive at a knowlelge of the enactment, but also to avail himself of the remedy aForded.” In that case the court said: “It has been said that ill must be presumed to know the law, but it is certain that tie maxim is not true in fact; so far from it, there are few wio do know it. Contracting parties must be presumed to now the laws under which their contracts are made, but it is nt even universally true that they will be presumed to know tfe law of their contracts, against palpable proof to the contray, as instances are not unfrequent of their being discharged frm their contracts upon the sole ground of their ignorance oithe law under which they were made. It would *296 seem to be enough to require the citizen to look and know the law of his contract, and not to have imposed upon him the burthen of looking to, and availing himself of other subsequent enactments, at the peril of forfeiting forever the obligation of his contract, and the loss of his entire demand.” The court also said, that if the act had “cut off all actions after the 1st day of July, 1838, only about five months after the passage of the law, a time scarcely sufficient to enable even the lawyers of the community to learn that such a law had passed, such an enactment would have shocked the moral sense of mankind as unjust and iniquitous.” (5 B. Mon., 564.)
To require that persons, upon whose causes of action there was no limitation, should learn that the statute under consideration had been enacted, and bring their actions within thirty days after its enactment, would be unreasonable End oppressive. In our opinion, the said statute is unconstitutional and void.
The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.