## JAS. MATTINGLY v. SOPHIA HELM.

**Statute of Limitations — Construction — Pre-existing Causes of Action — Amendments in Conflict with State and Federal Constitutions.**

> The statutory bar provided for by chapter 63, Rev. Stat., did not embrace pre-existing causes of action.

**Act of 1858 in Conflict with State Constitution.**

> The Act of 1858, by which it was attempted to make the provisions of chapter 63, *supra*, extend to all cases whether the right of action accrued before or after the adoption of the Revised Statutes, is in conflict with the Constitution of this State.

**Act of 1862 in Conflict with United States Constitution.**

> The Act of March 15, 1862, is in conflict with the Constitution of the United States.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

June 12, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee brought this action in the court below, on the 27th of March, 1861, against appellant, on a note executed by him to Crawford Lowery in May, 1841, due in May, 1844, and assigned by Lowery to appellee in 1855.

The law and facts were submitted to the judge, and a trial was had in the court below of the several issues presented by the pleadings, which resulted unfavorably to appellant, and he now seeks to reverse the judgment rendered against him.

No bill of exceptions is presented in the record, and we are not informed what evidence was introduced in the court below.

Two propositions, however, are relied upon by the counsel for appellant for a reversal:

1st. The Statute of Limitations.

2d. Whether or not the prosecution of the two actions by appellee against appellant, for the collection of this debt which he refers to in his answer, would not be sufficient to stop the running of the statute, if it was otherwise available as a defense to this action, we need not now stop to consider, as we are satisfied that defense is not made out.

The statutory bar provided for by chapter 63, Rev. Stat., did not

embrace pre-existing causes of action. The Act of 1858 by which it was attempted to make the provisions of *chapter* 63, *supra,* extend to and embrace all cases whether the right of action had accrued before or after the adoption of the Revised Statutes was decided by this court to be in conflict with the *thirty-seventh section* of the second article of the Constitution of Kentucky. Chiles & Thomas v. Monroe, 4 Met. 72.

The act approved 15th March, 1862, entitled, an "*Act to amend chapter* 63, *Rev. Stat., entitled, 'limitations of action,'*" was decided by this court to be in conflict with the Constitution of the United States. Berry & Johnson v. Randall, 4 Met. 292. So that when this action was brought there was no Statute of Limitations which could bar it.

As to the second proposition, it is sufficient to say appellant is the only obligor in the note sued on; the judgment referred to in his answer is not against him; even if it could be regarded as available for any purpose to appellee it cannot affect him — and consequently it cannot shield him from the payment of a debt which he alone promised by his writing to pay.

Wherefore, the judgment is affirmed.